# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. JKB-04-0439 |
| KIMBERLY BELCASTRO *et al.*, | * |
| Defendants | * |

## MEMORANDUM AND ORDER

Pending before the Court is the motion by Defendants Kimberly and Michael Belcastro to correct a clerical error in their criminal judgments. (ECF No. 57.) The motion is brought pursuant to Federal Rule of Criminal Procedure 36, which provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Government opposes the motion. (ECF No. 58.) No hearing is necessary to resolve the matter. Local Rule 105.6 (D. Md. 2018). The motion will be granted.

The essence of the Government's case against the Belcastros was that they had knowingly taken Social Security benefits paid to Kimberly's deceased mother and converted them to their own use. In the judgments against them, the Court imposed on Kimberly[1] a restitution obligation of $65,959 and imposed upon Michael a restitution obligation of $18,000. Kimberly was sentenced on August 10, 2005, and the judgment against her was signed on August 11, 2005, and entered on the docket on August 12, 2005. (ECF No. 33.) Michael was sentenced on November 28, 2005, and the judgment against him was signed on November 30, 2005, and entered

---

[1] Because they have the same surname, the Court refers to them by their first names.

on the docket on December 1, 2005. (ECF No. 38.) Neither judgment indicated the restitution was to be considered joint and several liability. That circumstance is the basis for the Government's objection to the Belcastros' motion. (Gov't Opp'n 1-2.)

The absence of the joint and several liability designations, however, does not square with the facts of the case, as set forth in the plea agreements and the presentence investigation reports ("PSRs"). Nor does it square with what the Government alleged in the indictment, where Kimberly and Michael were charged in the same count with theft of Government property in the amount of $65,959, a violation of 18 U.S.C. § 641. (Indictment, Count One, ECF No. 1.) Kimberly pled guilty to that count and the other count against her was dismissed. On August 16, 2005, a few days after the Court's judgment was entered against Kimberly, a one-count superseding information was filed against Michael on the charge of receipt of stolen Government property in the amount of $1,000, also in violation of 18 U.S.C. § 641 (ECF No. 34), and he pled guilty to that the same day.

The statement of facts in Kimberly's plea agreement sets forth the history of the withdrawals Kimberly made from her deceased mother's checking account, into which the Social Security benefits were deposited. The statement of facts indicates that many of the checks Kimberly wrote were deposited into her joint checking account with Michael. She also wrote some checks payable to Michael and, with one exception, he deposited those into their joint checking account. The plea agreement then states the total amount she stole was approximately $65,959.

The statement of facts in Michael's plea agreement recites similar facts to those in Kimberly's plea agreement. It further indicates that he "personally endorsed eight (8) of the checks, totaling $18,000." It also states, "Kimberly Belcastro took a total of $65,959 in Social Security benefits from her mother's account." As to the count in the superseding information

against Michael, his plea agreement's statement of facts says, "On or about March 31, 2001, the Defendant endorsed check number 6920, in the amount of $1,000, drawn on his mother-in-law's account and written by his wife. The Defendant then caused the check to be deposited into the joint account he shared with his wife."

The statement of facts in Kimberly's plea agreement was incorporated into her PSR. The same was true as to Michael. Further, Kimberly's PSR stated, "The Government has provided the following information concerning restitution: Restitution in the amount of $65,959.00 is outstanding . . . ." In Michael's PSR, it states, "The Government has provided the following information concerning restitution: The amount of $69,959 [*sic*] is owed." Given the earlier recitation in Michael's PSR as to the total amount taken being $65,959, the Court assumes the figure of "$69,959" is intended to be "$65,959."

It is evident to the Court, after reviewing the record, that the $18,000 attributable to Michael's wrongdoing, as reflected in his plea agreement, is subsumed within the $65,959 stolen by Kimberly. As a result, it was a clerical, mathematical error for the Court to treat the $18,000 as additional to the $65,959. Based upon the facts before the Court, it seems the greater fault lay with Kimberly, and that is why she was required to make restitution for the full amount stolen, and Michael was not made responsible for that total amount. But the Court rightly recognized that Michael was responsible for $18,000 out of the $65,959. Even so, Kimberly and Michael should have been designated as jointly and severally liable for the $18,000. The judgments entered failed to do so. Pursuant to Rule 36, the Court now rectifies that omission and GRANTS the motion (ECF No. 57). Amended judgments will be entered in accordance with this memorandum and order. Further, upon entry of the amended judgments, the Government SHALL RETURN to the

Belcastros the $18,000 wrongly paid as restitution, plus the interest paid by them on the $18,000.

The Clerk SHALL MAIL a copy of this memorandum and order to the Belcastros.

SO ORDERED.

DATED this ___9___ day of August, 2019.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge

4